UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VANESSA ALONSO RAMIREZ,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**NACERIMA INDUSTRIES,** *et al.*,<br><br>       **Defendants.** | Civ. No. 2:10-cv-01204 (WJM)<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendants Nacirema Environmental Services Co., Inc. ("Nacirema") and Anthony Lawra pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, the motion is **DENIED**.

Plaintiff commenced this action against Defendant Lawra and another Defendant on March 5, 2010. ECF No. 1. The other Defendant was served with the Complaint, but Defendant Lawra was not. *See* ECF No. 5. The action was terminated as to the other Defendant on February 16, 2011. ECF No. 11. On April 7, 2011, Plaintiff filed a First Amended Complaint ("FAC") against Lawra, and added Nacirema as a Defendant. ECF No. 16. Plaintiff served the FAC on Lawra on June 23, 2011. ECF No. 18. Plaintiff served the FAC on Nacirema on July 6, 2011. ECF No. 19. The time for Defendants to answer or otherwise respond to the FAC expired on July 27, 2011. *See id.* Lawra and Nacirema failed to answer or otherwise respond to the FAC by that date. Pursuant to

1

Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Lawra on August 5, 2011, and entered a Default against Nacirema on August 12, 2011.  ECF Nos. 20, 21.  Plaintiff filed the instant motion for default judgment on May 17, 2012, and served Defendants with notice of the motion on the same day.  ECF No. 27.  Nacirema has not filed an opposition to the motion.  Lawra has filed an opposition to the motion.  *See* ECF No. 29.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that Defendants have a meritorious defense: namely, Plaintiff has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  As explained by the Supreme Court, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Here, the scant facts set forth in the two-page FAC wholly fail to state a hostile work environment claim.  Instead, the FAC is, quite literally, just a "formulaic recitation of the elements of a cause of action."  *Id.*  The FAC does not even include basic information, such as Plaintiff's position or dates of employment, let

alone any facts that would support her discrimination claim. The FAC incorporates Plaintiff's EEOC Right to Sue letter, which is attached to the FAC, but attaching the EEOC's description of Plaintiff's claim does not relieve Plaintiff of her obligation to allege facts in her complaint. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Because the allegations in the FAC do not merit entry of a default judgment, Plaintiff's motion is denied. *See Brown v. Aponte*, No. 06-2096, 2006 WL 2869524 (E.D. Pa. Oct. 3, 2006) (denying motion for default judgment because Plaintiff failed to state a claim, and *sua sponte* dismissing Plaintiff's claims).

For the foregoing reasons and for good cause shown;

**IT IS** on this 9th day of August 2012, hereby,

**ORDERED** that Plaintiff's motion for default judgment is **DENIED**; and it is further

**ORDERED** that Plaintiff may file a Second Amended Complaint within thirty (30) days of the entry of this Order; and it is further

**ORDERED** that Plaintiff's failure to file a Second Amended Complaint within thirty (30) days of the entry of this Order will result in the dismissal of this action with prejudice.

      /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

3